IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SPECTATOR BLANKETS II, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>JACK MCKEON, a citizen of the State of California,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STAY DISCOVERY AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SANCTIONS<br><br><br>Case No. 2:08-CV-919 TS |

This matter is before the Court on Plaintiff's Motion to Stay Discovery and Plaintiff's Motion for Sanctions. Defendant has not responded to either Motion. For the reasons discussed below, the Court will grant Plaintiff's Motion to Stay Discovery and deny Plaintiff's Motion for Sanctions without prejudice.

I.  BACKGROUND

Defendant's counsel was permitted to withdraw on July 13, 2009. Thereafter, on July 22, 2009, Defendant was ordered to comply with DUCivR 83-1.4(b) which provides:

1

> Whenever an attorney withdraws or dies, is removed or suspended, or for any other reason ceases to act as attorney of record, the party represented by such attorney must notify the clerk of the appointment of another attorney or of his decision to appear pro se within twenty (20) days or before any further court proceedings are conducted.

Defendant did not comply with the Court's July 22, 2009 Order.

On November 19, 2009, this Court issued an Order to Show Cause directing Defendant to show cause why he failed to comply with the Court's July 22, 2009 Order and why he should not be held in contempt of court. Defendant was cautioned that his continued failure to comply with the orders of the Court could result in sanctions, including terminating sanctions. Defendant did not respond to the Order to Show Cause.

On December 15, 2009, the Court entered an Amended Scheduling Order, setting a discovery deadline of February 12, 2010.

Plaintiff filed the instant Motions on January 9, 2010. Defendant has not responded to either Motion.

## II. DISCUSSION

### A. MOTION TO STAY DISCOVERY

Plaintiff seeks to stay discovery in this matter. Plaintiff represents that because Defendant has failed to comply with the orders of the Court, it has not been able to move forward with factual discovery. Plaintiff requests an additional ninety days to complete fact discovery. The Court finds this request to be reasonable considering Defendant's non-compliance. Therefore, the Motion will be granted.

### B. MOTION FOR SANCTIONS

Plaintiff also seeks sanctions against Defendant for his continued refusal to obey the Court's orders. Specifically, Plaintiff seeks that judgment be entered against Defendant.

2

Fed.R.Civ.P. 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[1] Rule 37(b)(2)(A) provides for certain sanctions, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[2]

When determining the proper sanction the Court is to consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[3]

Considering these factors, the Court finds that there is a high degree of prejudice to Plaintiff. As indicated in its Motion to Stay Discovery, Plaintiff has been unable to go forward with discovery because of Defendant's failure to comply with the Court's orders. Second, the Court finds Defendant has interfered with the judicial process. Defendant has refused to comply with the Court's orders and has essentially refused to be a part of this litigation. Third, the Court finds Defendant to be highly culpable. Fourth, the Court has warned Defendant that his continued refusal to comply with the Court's orders could result in sanctions, including

---

[1] Fed.R.Civ.P. 16(f)(1)(c).

[2] Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii).

[3] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

terminating sanctions. Finally, the Court must consider the efficacy of lesser sanctions. The Court is cognizant of the severe nature of terminating sanctions. It is for this reason that the Court finds that terminating sanctions are not appropriate at this time. Rather, the Court will issue a second order to show cause directing Defendant to show cause why terminating sanctions should not be entered against him. The Court warns Defendant that failure to respond to that order will result in judgment being entered against him.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Stay Discovery (Docket No. 32) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 33) is DENIED WITHOUT PREJUDICE. The Court will issue an order to show cause by separate order.

DATED   February 2, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge