IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SPECTATOR BLANKETS II, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JACK MCKEON, a citizen of the State of California,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR SANCTIONS<br><br><br><br>Case No. 2:08-CV-919 TS |

This matter is before the Court on Plaintiff's Second Motion for Sanctions. Defendant has not responded to that Motion. For the reasons discussed below, the Court will grant Plaintiff's Motion.

I.  BACKGROUND

Defendant's counsel was permitted to withdraw on July 13, 2009. Since that time, and despite a number of warnings from the Court, Defendant has refused to participate in this ligation.

1

On July 22, 2009, Defendant was ordered to comply with DUCivR 83-1.4(b) which provides:

> Whenever an attorney withdraws or dies, is removed or suspended, or for any other reason ceases to act as attorney of record, the party represented by such attorney must notify the clerk of the appointment of another attorney or of his decision to appear pro se within twenty (20) days or before any further court proceedings are conducted.

Defendant did not comply with or otherwise respond to the Court's July 22, 2009 Order.

On November 19, 2009, this Court issued an Order to Show Cause directing Defendant to show cause why he failed to comply with the Court's July 22, 2009 Order and why he should not be held in contempt of court. Defendant was cautioned that his continued failure to comply with the orders of the Court could result in sanctions, including terminating sanctions. Defendant did not comply with or otherwise respond to the Order to Show Cause.

On December 15, 2009, the Court entered an Amended Scheduling Order, setting a discovery deadline of February 12, 2010.

On January 9, 2010, Plaintiff filed a Motion to Stay Discover and a Motion for Sanctions. Defendant did not respond to either Motion. The Court granted the Motion to Stay, but denied Plaintiff's Motion for Sanctions without prejudice. At the same time, the Court issued another Order to Show Cause. That Order to Show Cause warned Defendant that failure to respond would result in judgment being entered against him. Defendant did not comply with or otherwise respond to the second Order to Show Cause.

Plaintiff has now filed its Second Motion for Sanctions, seeking terminating sanctions against Defendant for his continual refusal to abide by the orders of the Court. Again, Defendant has not responded.

## II. DISCUSSION

Fed.R.Civ.P. 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[1] Rule 37(b)(2)(A) provides for certain sanctions, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[2]

When determining the proper sanction the Court is to consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[3]

Considering these factors, the Court finds that there is a high degree of prejudice to Plaintiff. As indicated in its Motion to Stay Discovery, Plaintiff has been unable to go forward

---

[1] Fed.R.Civ.P. 16(f)(1)(c).

[2] Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii).

[3] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

with discovery because of Defendant's failure to comply with the Court's orders. Second, the Court finds Defendant has interfered with the judicial process. Defendant has refused to comply with the Court's orders and has essentially refused to be a part of this litigation. Third, the Court finds Defendant to be highly culpable. Fourth, the Court has warned Defendant that his continued refusal to comply with the Court's orders could result in sanctions, including terminating sanctions. Finally, the Court finds that a sanction less than a terminating sanction will not be effective based on Defendant's past behavior.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Second Motion for Sanctions (Docket No. 37) is GRANTED. The Court will enter judgment by separate order and set this matter for a hearing to determine damages.

DATED   April 1, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge